AO245D (Rev. 01/07) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Revocation of Probation or Supervised Release) |
| GARY A. BOWMAN | Case Number: 8:08-cr-250-T-26TGW |
| | USM Number: 37391-060 |
| | James Smith, pda |
| | Defendant's Attorney |

**THE DEFENDANT:**

__X__ admitted guilt to violation of charge numbers __3 - 9__ of the term of supervision.

_____ was found in violation of charge number(s) _____ after denial of guilt.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| Three | Travel outside the district without permission | June 22, 2008 |
| Four | Failure to submit written monthly reports | May 5, 2008 |
| Five | Failure to report | May 13, 2008 |
| Six | Failure to follow the instructions of the probation officer | May 22, 2008 |
| Seven | Failure to notify ten days prior to any change in residence | May 22, 2008 |
| Eight | Failure to notify ten days prior to any change in employment | April 14, 2008 |
| Nine | Failure to make restitution | August 2007 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____ The defendant has not violated charge number(s) _____ and is discharged as to such violation charge(s).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__August 15, 2008__
Date of Imposition of Judgment

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

__ ₹/ɩ ř/ơř __
Date

Defendant: Gary A. Bowman  
Case No.: 8:08-cr-250-T-26TGW

Judgment - Page __2__ of __4__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **FOURTEEN (14) MONTHS**

__X__ The Court makes the following recommendations to the Bureau of Prisons: That the defendant be sent to FCI Coleman.

__X__ The defendant is remanded to the custody of the United States Marshal.

_____ The defendant shall surrender to the United States Marshal for this district:

____ at _____ a.m. p.m. on _____.

_____ as notified by the United States Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

____ before 2 p.m. on _____.

____ as notified by the United States Marshal.

____ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

Defendant: Gary A. Bowman                                                   Judgment - Page 3 of 4
Case No.: 8:08-cr-250-T-26TGW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIXTY (60) MONTHS minus the time of incarceration**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

- The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

- The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

- The defendant shall cooperate in the collection of DNA as directed by the probation officer.

- The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

- The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency *without the permission of the court;*

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 01/07) Judgment in a Criminal Case for Revocations

| | |
|---|---|
| Defendant: Gary A. Bowman | Judgment - Page 4 of 4 |
| Case No.: 8:08-cr-250-T-26TGW | |

# ADDITIONAL SUPERVISED RELEASE TERMS

All pervious terms and conditions remain in full force the Judgment imposed on March 1, 2000.

## SPECIAL CONDITIONS:

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's sliding scale for substance abuse treatment services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall provide the probation officer access to any requested financial information.

4. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

5. The defendant shall refrain from any employment in which he has fiduciary responsibility.